# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BILLY JACK KAIN, JR.,                                                                                       PETITIONER
ADC #083093

v.                                           5:15CV00286-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   PROCEDURAL HISTORY**

In September 1984, Petitioner, Billy Jack Kain, Jr., pleaded nolo contendere to a charge of rape and a charge of kidnaping[1] (Doc. No. 2 at 30), and he was sentenced to twenty-three years' imprisonment in the Arkansas Department of Correction (ADC) with ten years suspended on the rape charge and fifteen years suspended probation on the kidnaping charge.[2] After serving five years of his imposed sentence, he was released from ADC in August 1989. (Doc. No. 10-17.) He received an order of discharge from his sentence on January 1, 1991. (Doc. No. 10-18.)

In the summer of 1994, Mr. Kain was again charged with rape.[3] In January 1995, immediately before trial, Mr. Kain's attorneys learned the State was going to move to revoke the suspended, fifteen year probation sentence imposed on the kidnaping charge. (Doc. No. 2.) The jury was released, Mr. Kain changed his plea, and was sentenced to forty-years' imprisonment.

---

[1] Circuit Court of Craighead County, Docket No. CR 82-20.

[2] The judgment (Doc. No. 2 at 29) and order suspending imposition of sentence (*Id.* at 30) are inconsistent. The judgment does not mention the kidnaping charge, and Mr. Kain argues that it was dismissed. However, on the order, the circuit judge checked the box for a suspended fifteen-year sentence of probation on the kidnaping charge.

[3] Circuit Court of Craighead County, Docket No. CR 94-347.

During his incarceration, Mr. Kain has filed many post-conviction pleadings challenging both sentences. He challenged the 1984 conviction with a Rule 37 petition and two federal habeas petitions.[4] He challenged his current conviction with a Rule 37 petition, a third federal petition for writ of habeas corpus,[5] and a petition to correct illegal sentence. In 1998 and 2006, Mr. Kain filed fourth and fifth federal habeas petitions.[6] In 2011, he filed a writ of error coram nobis, and finally on September 11, 2015, he filed the current Petition. (Doc. No. 2.)

In his Petition, Mr. Kain challenges both the 1984 conviction and the current conviction. (*Id.*) Mr. Kain argues: (1) double jeopardy based on the fact that the prosecutors in the 1995 case threatened to revoke Mr. Kain's suspended probation if he refused plead guilty; (2) the state violated the ex post facto clause by enhancing his "illegal conviction" and requiring him to serve one hundred percent of his sentence; (3) the Craighead County Circuit Court violated his due process rights because his petition for error coram nobis was misplaced and was not adjudicated until a year after filing; (4) his attorneys in both the 1984 case and the 1995 case were ineffective for various reasons; and (5) actual innocence based upon new DNA evidence. (Doc. No. 2.)

Respondent filed a Motion to Dismiss (Doc. No. 9) and a Brief in Support (Doc. No. 10) contending the Petition should be dismissed because it is successive, and this Court lacks jurisdiction. Mr. Kain responded, arguing he discovered the modification of his parole eligibility

---

[4] Kain v. Lockhart, 5:88CV00535-GTE-HLJ and Kain v. Lockhart, 5:95CV00520-HW
After his second conviction, Mr. Kain filed a petition for writ of habeas corpus in case, Kain v. Norris, 5:95CV00520-HW, which only challenged the 1984 conviction. He separately filed a petition in 5:95CV00583-HW-HLJ, which challenged both the 1984 and the 1995 convictions. Judge Henry Woods consolidated the cases and ordered the new petition be filed in 5:95CV520-HW as an amended petition.

[5] Kain v. Norris, 5:95CV00460-HW

[6] Kain v. Norris, 5:98CV00309-HW and Kain v. Norris, 5:06CV00046-JLH

in 2010, four years after his 2006 habeas petition. (Doc. No. 11.) I ordered Respondent to address the merits of that claim, which she did. (Doc. No. 13.) Mr. Kain replied (Doc. No. 14) and this case is now ripe for decision.

## II. DISCUSSION

Throughout the Petition, Mr. Kain references his 1984 conviction and argues his attorneys from that conviction were ineffective. However, Mr. Kain is no longer in Respondent's custody on that conviction. Therefore, no relief is available regarding a sentence that was completely served, and all claims challenging the 1984 conviction must be dismissed.

As for Mr. Kain's challenges to his current conviction, Respondent argues they are successive, and I agree. Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but

4

for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In 1998, Mr. Kain was granted voluntary dismissal of his federal habeas petition[7] by Judge Henry Jones in order to seek authorization from the Eighth Circuit Court of Appeals to file a successive petition. In 2006, his petition[8] was dismissed by Judge Leon Holmes because he failed to seek prior authorization from the Eighth Circuit to file a successive petition. Again, Mr. Kain must seek authorization before filing a successive habeas petition, or this Court lacks jurisdiction to decide the case. The language of 28 U.S.C. § 2244(b) is binding and is an absolute requisite to this Court's authority to consider his petition. 28 U.S.C. § 2244(b)(3). Because he has not requested authorization to file a successive petition, all claims challenging the current conviction must be dismissed.

Additionally, I find Mr. Kain's claim that the State violated the ex post facto clause is meritless. Mr. Kain is required by state statute to serve one hundred percent of his imposed sentence. The statute in effect in 1995, when he was convicted of the second rape, reads as follows:

> Any person who commits murder in the first degree, rape, or aggravated robbery, subsequent to March 24, 1983, and who has previously been found guilty of or pleaded guilty or nolo contendere to murder in the first degree, rape, or aggravated robbery, shall not be eligible for release on parole by the Parole Board.

Ark. Code Ann. § 16-93-609 (1987). This statute was amended by Act 1805 in 2001, but this section remained the same. As the statute clearly states, if a person committed rape subsequent to March 24, 1995, and had "previously . . . pleaded . . . nolo contendere to . . . rape . . ." he shall not be eligible for parole. When ADC changed Mr. Kain's parole eligibility in 2010, it was simply correcting an

---

[7]Kain v. Norris, 5:98CV00309-HW.

[8]Kain v. Norris, 5:06CV00046-JLH.

error. By Arkansas statute, Mr. Kain was never eligible for parole after he pleaded guilty to rape in 1995.

Mr. Kain mistakenly believes because the conduct that led to his first conviction occurred in 1982, prior to March 24, 1983, this statute does not apply to him. However, when Mr. Kain pleaded guilty in 1995, he became a person who committed rape and had previously pleaded nolo contendere to rape, making him ineligible for parole. Accordingly, his claim must be dismissed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 9) be granted, Mr. Kain's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice, and the requested relief be DENIED.

DATED this 14th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE